UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY SCOTT GRANT,                  :
                                      :
              Petitioner,             :
                                      :   CIVIL NO. 3:CV-07-2109
      v.                              :
                                      :   (JUDGE VANASKIE)
UNITED STATES OF AMERICA,             :
                                      :
              Respondent.             :

M E M O R A N D U M

I.    Introduction

Petitioner, Gregory Scott Grant, a prisoner at USP Lewisburg, commenced this action by filing a letter request with his sentencing judge in the United States District Court for the Western District of Washington at Tacoma, which was construed by the court as a challenge to the Bureau of Prison's ("BOP") calculation of his sentence.  Finding that the matter fell within the purview of a habeas corpus petition under 28 U.S.C. § 2241, the sentencing court transferred the matter to this Court as Grant is incarcerated within the United States Middle District of Pennsylvania.  (See Dkt. Entries 1 and 6).

Grant claims that the BOP has failed to award him pre-sentence credit as directed by the sentencing court.  The government filed a response (Dkt. Entry 15) suggesting the petition be dismissed due to Grant's failure to exhaust administrative remedies and because

he has received all credit he is entitled to receive under the law.  Grant did not file a reply brief.

Because Grant has not exhausted appropriate administrative remedies, the habeas petition will

be dismissed, without prejudice.

II.     Background.

On December 5, 2003, Grant, a convicted felon, was found in possession of a

firearm.  (See Dkt. 15, Respondent's Response to the Petition for Writ of Habeas Corpus.)  He

was arrested by Washington state authorities on that date and booked on numerous state

charges.  The following day, Grant was booked into the Clark County Jail, Vancouver,

Washington.  (Id.)  He was sentenced in the Clark County Superior Court on April 21, 2004 to a

term of 138 days for violating conditions of previously imposed supervision.[1]

On April 23, 2004, Grant was released to the custody of King County,

Washington officials.  (Id.)  On October 19, 2004, Grant was transferred to federal custody

pursuant to a writ of habeas corpus ad prosequendum to answer charges in the United States

District Court for the Western District of Washington.  On June 3, 2005, Grant was sentenced

by the federal court to a term of 180 months for Felon in Possession of a Firearm (Armed

Career Criminal).  At the time of sentencing,  the court ordered the federal sentence to be

served concurrently with the yet to be imposed sentences on prosecutions pending in King

County and Cowlitz County, Washington.  (Id.)  Grant was returned to Washington state

---

[1]  December 6, 2003, to April 21, 2004, equals 138 days.  (Id.)

authorities on June 16, 2005.  (Id.)

Grant was sentenced on June 17, 2005, in King County, Washington, to a 5 year and 3 month term of imprisonment for Robbery 2, to be served concurrent to his previously imposed federal sentence.  (Id.)  The Washington Department of Corrections' ("DOC") file reflects a June 19, 2005, date of imposition for this sentence.  (Id.)  Grant was committed to the Washington DOC on June 21, 2005.  (Id.)  On July 7, 2005, Grant was sentenced in Cowlitz County, Washington, to a 10 year term of imprisonment for Residential Burglary.  (Id.)  The Washington DOC computed Grant's 10 year Cowlitz County sentence as beginning on July 8, 2005, and running concurrently to his previously imposed federal and state sentences.  (Id.)  On May 19, 2006, Grant was released by Washington state authorities to the federal authorities.  (Id.)

Grant never submitted a Request for Administrative Remedy requesting a review of his sentence calculation, or arguing that the BOP had failed to properly award him prior custody credit.  (Id.)  Prior to BOP's review of this petition, Grant's sentence calculation was based on a June 3, 2003, commencement date of his 180 month sentence, with no prior custody (jail) credit.  (Id.)  After reviewing his habeas petition, Grant's sentence computation was updated to reflect the following: (1) a June 3, 2005, commencement date (the date his

federal sentence was imposed); (2) 408 days of jail credit.[2]

III.    Discussion

Respondent maintains that the petition is subject to dismissal for failure to exhaust administrative remedies.  It is well-settled that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241."  Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); see also Hegney v. Hogsten, Civ. No. 1:CV-07-0271, 2008 WL 282371 at *3 (M.D. Pa. Jan. 31, 2008)(Conner, J.).  A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate.  Muhammad v. Carlson, 739 F.2d 122, 123 (3d Cir. 1984); see also Young v. Quinlan, 960 F.2d  351, 356 (3d Cir. 1992).  Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato, 98 F.3d at 761-62.

The Bureau of Prisons ("BOP") has established a multi-tier administrative remedy

---

[2]   Grant received credit for the following periods of time: (1) December 5, 2003 (his initial arrest date) as this day was not credited to any previous sentence; and (2) from April 22, 2004 (the date he was transferred from Clark County to Kings County authorities), through June 2, 2005 (the day before he was sentenced in federal court).

system by which a federal prisoner may seek formal review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10 through 542.19.  First, inmates are to present their complaints to staff informally, and staff shall attempt to informally resolve any issue before an inmate files a request for Administrative Remedy.  See 28 C.F.R. § 542.13(a).  Second, an inmate who is unable to resolve his complaint informally may file a formal written complaint to the warden on the appropriate form within twenty (20) calendar days of the date on which the basis of the complaint occurred.  See 28 C.F.R. § 542.14(a).  In the event the inmate is dissatisfied with the Warden's response, he may file an appeal to the BOP Regional Director within twenty (20) days.  See 28 C.F.R. § 542.15(a).  Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to BOP Central Office within thirty (30) calendar days from the date of the Regional Director's response.  Id.

Respondent offers the declaration of Supervisory Attorney L. Cunningham, who conducted a computerized search of administrative remedy filings at USP Lewisburg and affirms that "Grant has not filed any requests for administrative remedy on any issue." (See Dkt. Entry 15-2, Exhibits in Support of Respondent's Response to the Petition for Writ of Habeas Corpus, Exh. 2, L. Cunningham Decl. at ¶ 2).  Grant does not contest this statement. Nor is there any allegation or indication in Grant's petition, or within the record before me, that the sentence credit Grant seeks (and may have consequently received) is not available to him through the BOP administrative remedy program.  Therefore, it is evident that Grant's § 2241

petition must be dismissed for failure to exhaust administrative remedies pertaining to the

BOP's calculation of his sentence

An appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY SCOTT GRANT,                    :
                                        :
                    Petitioner,         :
                                        :   CIVIL NO. 3:CV-07-2109
            v.                          :
                                        :   (JUDGE VANASKIE)
UNITED STATES OF AMERICA,               :
                                        :
                    Respondent.         :

O R D E R

NOW, this 9th day of October, 2008, in accordance with the foregoing

Memorandum, IT IS HEREBY ORDERED THAT:

1.   The Petition for Writ of Habeas Corpus (Dkt. Entry 1)
     is DISMISSED.

2.   Petitioner's Motion for Leave to Proceed in forma
     pauperis is GRANTED.

3.   The Clerk of Court is directed to mark this case
     CLOSED.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge